**UNITED STATES COURT OF APPEALS**
**Filed 1/10/97**
**TENTH CIRCUIT**

STATE OF NEW MEXICO,

      Plaintiff,

v.

TOM DWYER and LIZ MATTHEWS,

      Defendants-Appellees,

No. 95-2221
(D.C. No. CR-95-58 JC)
(D. N.M.)

\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-

RICHARD C. MANNING,

      Claimant-Appellant.

**ORDER AND JUDGMENT**[*]

Before BRORBY, EBEL, and HENRY, Circuit Judges.[**]

Complainant Richard C. Manning brought a *pro se* criminal action in the

Magistrate Court for the District of Catron County, New Mexico, charging United

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, *res judicata*, and collateral estoppel. This court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.

States Forest Service agents Tom Dwyer and Liz Matthews with misdemeanor trespass in violation of N.M. Stat. Ann. § 30-14-1 (Michie 1994).[1] Dwyer and Matthews removed the action to federal court pursuant to 28 U.S.C. § 1442(a)(1) (1994). A federal magistrate judge granted Dwyer's and Matthews's Motion to Dismiss On The Basis of Federal Immunity. New Mexico v. Dwyer, No. CR-95-58/LCS (June 9, 1995) (unpublished order). The magistrate's Order was affirmed by the district court. New Mexico v. Dwyer, No. CR 95-058 JC/LCS (Sept. 14, 1995) (unpublished mem.). New Mexico, through Manning, appeals. We affirm.

Pending Motions

Manning initially moved to style the case New Mexico *ex rel.* Manning v. Dwyer & Matthews, "to more properly reflect the true nature of this case." (Appellant's Mot. to Modify Case Name). This motion has been withdrawn.

Dwyer and Matthews moved to dismiss Manning's appeal as time-barred, on the ground that Fed. R. App. P. 4(b) gives a criminal defendant only ten days to appeal a conviction. Dwyer and Matthews correctly noted that Manning, on behalf of New Mexico, filed a notice of appeal 27 days after the district court entered its Memorandum Opinion and Order. Under both Fed. R. App. P. 4(b)

---

[1] Such *pro se* "private" prosecutions of state misdemeanor charges are permitted by **N.M. Mag. Ct. R. Crim. P.** § 6-108(A).

and N.M. Stat. Ann. § 39-3-3(B)(1) (Michie 1991), however, *the government* has 30 days to appeal the dismissal of criminal charges.  In the present case, Manning is not a criminal defendant, but rather a representative of the New Mexico government. Therefore, this motion is denied.

Dwyer and Matthews have also moved under N.M. Stat. Ann. § 36-1-19(A) (Michie 1991) to disqualify Manning from retaining private counsel on New Mexico's behalf. Because New Mexico's briefs in this appeal have been prepared by counsel retained by Manning, and because, without oral argument, we reach the merits of the case, this motion is denied as moot.[2]


Jurisdiction

New Mexico, through Manning, has appealed the district court's Order granting Dwyer's and Matthews's Motion to Dismiss on the Grounds of Federal Immunity.   We follow state law when we decide cases removed pursuant to 28 U.S.C. § 1442(a)(1) (1994).  Arizona v. Manypenny, 451 U.S. 232, 242-43

---

[2]  One New Mexico court has interpreted N.M. Stat. Ann. § 36-1-19 (Michie 1991) to require the permission of both the trial judge and the district attorney for a criminal complainant to prosecute a criminal case, through private counsel, in the State's name.  State v. Baca, 688 P.2d 34, 35-36 (N.M. Ct. App. 1984).  The Baca court, however, did not discuss **N.M. Mag. Ct. R. Crim. P. §** 6-108(A).  In any event, both parties agree that no New Mexico statute or case addresses whether private complainants may bring *appeals* on behalf of the state through private counsel.  We decline to reach this unsettled question of New Mexico law.

(1981).  Under New Mexico law, the State may appeal the dismissal of a criminal

conviction.  N.M. Stat. Ann. § 39-3-3(B)(1) (Michie 1991).  Thus, we have

jurisdiction over this appeal.  Manypenny, 451 U.S. at 241-42; 28 U.S.C. § 1291

(1994).


### Standard of Review

When the dismissal of a criminal prosecution is appealed, we review the

district court's legal conclusions *de novo*.  United States v. Harris, 997 F.2d 812,

815 (10th Cir. 1993).  We will set aside its findings of fact only if clearly

erroneous.  United States v. Guerro, 983 F.2d 1001, 1003 (10th Cir. 1993).[3]


### Discussion

New Mexico, through Manning, claims that the district court erred in

finding that Dwyer and Matthews were authorized by federal law to enter the site

in order to conduct a Forest Service inspection, and were thus immune from state

prosecution for doing so.  New Mexico's claim is premised upon the notion that

Manning's interest in the site--which is located on property owned by the United

States and located in the Gila National Forest--rose to the level of a private

---

[3]  In the present case, all findings of fact were made by the magistrate judge.  However, because the magistrate judge's findings of fact were adopted by the district court, we treat them as though they were made by the district court.

property interest, against which Dwyer and Matthews intentionally and without valid federal authority transgressed.  We consider these arguments in turn.

Manning's alleged "property interest" in the site began on July 7, 1978, when Manning's "operating plan" for the mining facility was approved by the United States Forest Service.  In an agreement he signed personally, Manning agreed that the Forest Service's "approval of [his] operating plan does not constitute recognition or certification of ownership by any person named as owner herein." (Operating Plan Agreement, Appellant's Appendix at 14).  Pursuant to 36 C.F.R. § 261.53(e) (1978) (still in effect), the agreement authorized Manning to fence and lock the mining site.  (Id. at 13 ¶ 4; Special Restriction Order, Appellant's Appendix at 10).  However, Manning expressly agreed to maintain a *Forest Service* lock on the gate.  (Id. at 13 ¶ 4).  The requirement that a Forest Service lock be used was imposed pursuant to 36 C.F.R. § 261.50(e)(2) (1978) (currently codified at 36 C.F.R. § 261.50(e)(4) (1995)), which exempts "any Federal, State, or local officer, or member of an organized rescue or fire fighting force in the performance of an official duty" from the operating plan's restrictions on public access to the site.  By October 5, 1993, when Dwyer and Matthews inspected the site,  Manning's "operations plan" and reclamation bond had both expired. New Mexico v. Dwyer, No. CR-95-58/LCS, at 1 ¶ 4 (June 9, 1995) (unpublished order).

Based on these facts, it appears likely that, on October 5, 1993, Manning's "property interest" in the site did not include any legal interest in excluding agents of the United States Forest Service from conducting an official inspection. (See Order, Special Restriction ¶ 2, Appellant's Appendix at 10). New Mexico, through Manning, cites a number of cases purporting to demonstrate that an unpatented mining claim on federal land "is private property in the fullest sense." (Appellant's Br. at 19). However, none of these cases even remotely suggests that the government cannot exercise rights reserved to itself by the very contract granting the mining claim. See generally United States v. Ruckman, 806 F.2d 1471, 1473 (10th Cir. 1986) (holding that the Government Property Clause of the Constitution vests Congress with authority to prescribe conditions upon which others may obtain rights to use federally-owned property). In addition, the district court found that the operating plan was no longer current and the reclamation bond had expired, further casting doubt upon whether Manning retained any property interest in the site sufficient to exclude federal agents. The district court's factual findings of the expired or lapsed operating plan and reclamation bond are not clearly erroneous.

In any event, we need not resolve the current status of Manning's property interest in this site because even if, *arguendo*, Manning had possessed a property interest in the site, the district court was correct in finding that Dwyer and

Matthews--federal agents acting within the scope of their federal authority--were immune from prosecution for criminal trespass when such conduct was authorized and required for them to fulfill their federal inspection duties on federal property.

The doctrine of federal immunity is well-established. See In re Neagle, 135 U.S. 1, 75 (1890) (a federal agent held "to answer for an act which he was authorized to do by the law of the United States . . . [who] did no more than what was necessary and proper for him to do. . . *cannot* be guilty of a crime under the law of the State. . . .") (emphasis in original). Courts have interpreted Neagle to require a two-part test: (1) whether the federal agent was performing an act which he was authorized to do by federal law; and (2) in performing such an authorized act, whether the federal agent did no more than what was necessary and proper. See e.g. Kentucky v. Long, 837 F.2d 727, 744 (6th Cir. 1988).

Here, the district court correctly applied this two-part test. It noted that only the second prong was at issue, because "it is undisputed that [Dwyer and Matthews], at the time of the incident, were federal agents performing an act which they were authorized to do--the inspection of the mill." (Slip op. at 3); see also 36 C.F.R. § 228.7(a) (1995) (expressly authorizing the Forest Service to inspect mining claims); 36 C.F.R. § 228.3(d) (1995) (defining "mining claim" as "any unpatented mining claim or unpatented millsite. . . .").

The court then conducted the "necessary and proper" inquiry. This inquiry has two components: (1) whether the agent subjectively believed that his actions were authorized; and (2) whether this belief was objectively reasonable. Long, 837 F.2d at 745. The agent's honest belief need only be *reasonable* for immunity to obtain; it need not be *correct*. Id.

The first Long inquiry is factual. The magistrate judge found that Dwyer and Matthews "honestly and reasonably believed that their action was justified in carrying out their official duty to reassess reclamation bond requirements at the mill site." (6/9/95 Order ¶ 9). This finding is not clearly erroneous.

The second Long inquiry is legal, and we therefore review it *de novo*. We agree with the district court and the magistrate judge that it was objectively reasonable for U.S. Forest Service agents to believe that they had authority to inspect, without prior notification but during normal business hours, a site located in a National Forest, owned by the United States, administered by the U.S. Forest Service, and operated privately pursuant to an operating plan guaranteeing access to federal agents. This is so even where the site operator normally received notification prior to inspections. We reach this judgment for the same reasons stated in the Magistrate's Order. (6/9/95 Order ¶ 6).

**CONCLUSION**

The judgment of the district court dismissing all state charges against the Defendant-Appellees is hereby affirmed.

ENTERED FOR THE COURT


David M. Ebel
Circuit Judge