484 P.2d 374

**STATE of New Mexico, Plaintiff-Appellee,**

v.

**Joe LYNCH, Defendant-Appellant.**

**No. 573.**

Court of Appeals of New Mexico.

April 9, 1971.

Mary C. Walters, Toulouse, Moore & Walters, Albuquerque, for defendant-appellant.

James A. Maloney, Atty. Gen., John A. Darden, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

OPINION

HENDLEY, Judge.

Defendant was convicted in Magistrate Court of the crime of injury to animals. Section 40A–18–2, N.M.S.A. 1953 (Repl. Vol. 1964). The conviction was appealed de novo to the District Court and affirmed. Defendant's appeal presents four points for reversal. The issue of jurisdiction is dispositive of the appeal.

We reverse.

*Magistrate Court Jurisdiction.*

The jurisdiction of magistrate courts in criminal matters is limited to " * * * cases of misdemeanors where the punishment prescribed by law is a fine of one hundred dollars ($100) or less, or imprisonment for six [6] months or less, or where fine or imprisonment or both are prescribed but neither exceeds these maximums." Section 36–3–4, N.M.S.A. 1953, (Repl. Vol. 1964, Supp. 1969).

The penalty for the violation of the statute under which defendant was convicted is prescribed by § 40A–29–4, subd. A, N.M.S.A. 1953 (Repl. Vol. 1964), imprisonment " * * * in the county jail for a definite term less than one [1] year, or to the payment of a fine of not more than one thousand dollars ($1,000), or to both such imprisonment and fine in the discretion of the judge." The Magistrate Court could proceed as provided in § 36–3–4(B), supra, but it was without jurisdiction to try defendant.

Since the Magistrate Court was without subject-matter jurisdiction, there

**533**

is no possibility of waiver or consent to jurisdiction. State ex rel. Overton v. New Mexico State Tax Commission, 81 N.M. 28, 462 P.2d 613 (1970). Thus, the magistrate proceedings were void and defendant's conviction therein a nullity.

*District Court Jurisdiction.*

Section 36–15–3, subd. A, N.M.S.A. 1953 (Repl. Vol. 1964, Supp.1969) states:

"Appeals from the magistrate court shall be determined by trial de novo in the district court, *and all laws, rules and regulations governing the magistrate court shall govern the trial in the district court.*" (Emphasis added).

Thus, on appeals from a magistrate court, the district court becomes a court of limited jurisdiction for the purpose of the appeal and the trial de novo. See Sanchez v. Reilly, 54 N.M. 264, 221 P.2d 560 (1950); Pointer v. Lewis, 25 N.M. 260, 181 P. 428 (1919); Barruel v. Irwin, 2 N.M.(Gild.) 223 (1882); City of Albuquerque v. Sanchez, 81 N.M. 272, 466 P.2d 118 (Ct.App.1970). If the magistrate court lacked jurisdiction the district court suffered the same lack of jurisdiction. Geren & Hammond v. Lawson, 25 N.M. 415, 184 P. 216 (1919); Pointer v. Lewis, supra; Chaves v. Perea, 3 N.M.(Gild.) 89, 2 P. 73 (1884).

Reversed and remanded with directions to set aside the conviction, judgment and sentence.

It is so ordered.

SPIESS, C. J., and WOOD, J., concur.