688 P.2d 34

**STATE of New Mexico,**
**Plaintiff-Appellee,**

v.

**Paul E. BACA, Defendant-Appellant.**

**No. 7628.**

Court of Appeals of New Mexico.

Sept. 13, 1984.

Paul Bardacke, Atty. Gen., Charles D. Noland, Ass't Atty. Gen., Santa Fe, for plaintiff-appellee.

Janet Clow, Chief Public Defender, Susan Gibbs, Asst. Appellate Defender, Santa Fe, Barbara L. Mathis, Albuquerque, for defendant-appellant.

## OPINION

ALARID, Judge.

Defendant Paul E. Baca appeals from convictions of assault (NMSA 1978, § 30–3–1) (Repl.Pamp.1984) and battery (NMSA 1978, § 30–3–4) (Repl.Pamp.1984). The Bernalillo County district court heard the case on a de novo appeal from the metropolitan court. One of the issues the defendant raises on appeal is whether the district court had jurisdiction to try the defendant.

We reverse and remand with directions to vacate the judgment and sentence based upon the jurisdictional issue. Because this issue is dispositive, we do not reach the other issues.

## FACTS

This case arose out of an altercation between a teacher (Salaz) and the defendant (Baca), a former student, at a filling station. Salaz filed a complaint in metropolitan court (metro) alleging assault and battery against Baca on June 21, 1983. Baca filed a cross-complaint against Salaz on June 30, 1983, alleging assault and battery. The district attorney's office suggested mediation. When it became apparent that the case would proceed to trial, the district attorney's office withdrew from the case.

In argument before the district court on a de novo appeal, Baca's public defender stated that the district attorney's office informed her prior to the metro trial that the filing of the cross-complaint created a conflict of interest for the district attorney's office, and that the office would with-

draw from the case. Further, the district attorney's office informed her that the filing of the cross-complaint changed the case to a civil matter, and that the public defender would also have to withdraw. According to the district attorney's office, the case was to be reset on a civil calendar. The case, however, was never assigned to a civil docket. Instead, it was assigned to a criminal docket. Salaz was represented by private counsel who prosecuted the case. Baca appeared pro se, but immediately before trial the public defender was allowed to sit at Baca's table in order to assist him. At the metro trial, the judge dismissed defendant's cross-complaint and found Baca guilty of assault and battery. No assistant district attorney appeared at trial.

Baca argued to the district court before trial that because of this procedural history, the metro court case was civil in nature, and moved the district court to remand the case with instructions to rehear it on a civil docket. The district court judge refused to remand, noting that the case had the attributes of a criminal case. After trial de novo, the district court found Baca guilty of assault and battery. This appeal followed.

**JURISDICTION**

■ This appeal challenges Baca's convictions by the district court on the appeal from the metro court's verdict. Both Baca and the state agree that the district court's jurisdiction to hear a de novo appeal is limited by the jurisdiction of the metro court. *See State v. Lynch*, 82 N.M. 532, 484 P.2d 374 (Ct.App.1971). Baca contends, however, that the metro court lacked jurisdiction to hear the case as a criminal matter, and that this deprived the district court of jurisdiction to render a verdict. Baca maintains, first, that the representations made by the district attorney's office, as related by defense counsel before the district court, and the failure of any district attorney to appear at the metro court trial indicates that the case was civil in nature. Second, he argues that there is no evidence in the record that the private counsel for Salaz was appointed to act as associate

counsel for the district attorney pursuant to NMSA 1978, Section 36–1–19 (Repl. Pamp.1984). Metro court's assumption of criminal jurisdiction over the case was, therefore, error.

■ A court obtains no jurisdiction over an action brought without authority. *State v. Reese*, 78 N.M. 241, 430 P.2d 399 (1967). The metro court lacked criminal jurisdiction over the case if an individual with no authority did, in fact, prosecute the case against the defendant.

■ The state is the plaintiff in any criminal proceeding in the metropolitan court. NMSA 1978, Metro.R. 40(a) (Repl. Pamp.1981). Although NMSA 1978, Section 36–1–18 A (Rep.Pamp.1984) does not require the district attorney to appear in a non-record court such as metro court, Section 36–1–19 prohibits anyone other than the attorney general's office and district attorney's office from representing the state in a criminal proceeding, except on order of the court and with the consent of those offices. *State v. Lucero*, 20 N.M. 55, 146 P. 407 (1915). The question of the lawful authority of Salaz's attorney to prosecute, and thus the jurisdiction of metro court, involves the granting of permission by the district attorney's office *and* an order of the metro court.

The state makes various arguments by which it attempts to show that the district attorney's office consented to the private prosecution of the matter. These arguments do not fully address the issue. Section 36–1–19, which authorizes an associate counsel to prosecute for the district attorney with the consent of the district attorney *and* "on ruling of the court", requires an explicit order of the court. The state infers the existence of an order of the court. A party may not infer the existence of an order because the case proceeded to trial before the court. What the state seeks is judicial surgery on Section 36–1–19 when what would be appropriate is legislative therapy. *City of Albuquerque v. Sanchez*, 81 N.M. 272, 466 P.2d 118 (Ct.App. 1970). We note that in *State v. Lucero* the record demonstrated that an order of the court was sought and obtained, and that

there was no question of proper court approval in that situation.

We hold that where the record does not demonstrate such explicit approval, the proper authority is not vested in the private counsel to prosecute. Without this authority, the metro court lacked criminal jurisdiction to proceed. *State v. Reese.* Therefore, the district court lacked criminal jurisdiction to hear the case, and render a judgment and sentence. *See State v. Lynch.*

For this reason, we vacate the judgment and sentence of the district court and remand with instructions to dismiss the charges.

**IT IS SO ORDERED.**

HENDLEY and BIVINS, JJ., concur.