**Certiorari Granted, December 3, 2010, No. 32,677**

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**Opinion Number: 2010-NMCA-109**

**Filing Date: September 30, 2010**

**Docket No. 29,317**

**STATE OF NEW MEXICO**

      **Plaintiff-Appellee,**

**v.**

**ZIRACHUEN RIVERA,**

      **Defendant-Appellant.**

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Ross Sanchez, District Judge**

Gary K. King, Attorney General
Santa Fe, NM

James W. Grayson, Assistant Attorney General
Albuquerque, NM

for Appellee

Lisa A. Torraco
Albuquerque, NM

for Appellant

**OPINION**

**FRY, Chief Judge.**

**{1}**    Following a bench trial, Defendant Zirachuen Rivera was convicted in metropolitan court on one count of driving while intoxicated (DWI). During the trial, Christopher Mills conducted the direct examination of one of the State's witnesses, although Mills apparently was not licensed to practice law. Following his conviction, Defendant filed a motion for a

mistrial and for a new trial, arguing the fact that an unlicensed person conducted the examination violated Defendant's right to due process. Because the metropolitan court did not rule on Defendant's motion, it was deemed denied, and Defendant appealed to the district court, arguing both that the metropolitan court erred in denying his motion and that the State had failed to prove the constitutionality of the roadblock where Defendant was arrested. The district court concluded that Defendant failed to show that Mills' participation in the trial prejudiced Defendant. The court also concluded that the State had established that the roadblock was constitutional. Defendant appeals the judgment of the district court and, for the following reasons, we affirm.

**BACKGROUND**

**{2}** Defendant was stopped at a DWI checkpoint in Albuquerque, New Mexico, by Officer Donovan Olvera, an officer with the Albuquerque Police Department. During the stop, Officer Olvera noticed that Defendant had bloodshot, watery eyes, slurred speech, and a strong odor of alcohol on his breath. Defendant advised the officer that he had consumed three beers. Defendant subsequently performed poorly on a number of field sobriety tests and was subjected to a breath alcohol test, which indicated that Defendant had a breath alcohol concentration of 0.12. Defendant was arrested and charged with DWI.

**{3}** Defendant's subsequent bench trial in metropolitan court took place over the course of two days. On the first day of trial, two people entered appearances on behalf of the State: Assistant District Attorney Rachel Bayless and Christopher Mills. Mills called the first witness, Sergeant Pat Apodaca, to the stand. Mills conducted the direct and redirect examination of Sergeant Apodaca, asking questions to establish the constitutionality of the roadblock at which Defendant was arrested. On the second day of trial, Assistant District Attorney Bayless and Mills again entered their appearances on behalf of the State, but Mills does not appear to have participated in the examination of any witnesses during that stage of the trial. Defendant was convicted of the charges against him and sentenced to one year of supervised probation.

**{4}** Following his conviction, Defendant's trial counsel discovered that Mills was not a licensed attorney. Counsel indicated that he believed that Mills was a law student at the time of trial. As a result of the discovery that Mills was not licensed, Defendant filed a motion for a mistrial and a new trial. Defendant contended that non-lawyers are only permitted to practice law in New Mexico under certain circumstances, none of which were present in his case. Defendant argued that public policy demands that unlicensed persons cannot represent the State, that allowing an unlicensed person to represent the State would give rise to a disorderly society and a disorderly system of justice, and that Defendant's due process rights were violated as a result of Mills representing the State.

**{5}** The metropolitan court did not rule on Defendant's motion within twenty days, and the motion was therefore deemed denied under Rule 7-611(B) NMRA. Defendant filed a timely appeal in district court, arguing that the State's use of an unlicensed person violated

metropolitan court rules and that Defendant's conviction should be reversed. Defendant also argued that the metropolitan court erred in admitting evidence obtained at the roadblock because the State had failed to establish the constitutionality of the roadblock. Specifically, Defendant argued that the officers at the roadblock had unconstitutionally broad discretion to question and detain the drivers they encountered.

{6}     The district court affirmed Defendant's conviction, concluding that while Mills' participation in the trial appeared impermissible, or at the least not explicitly provided for, Defendant failed to show that he suffered any actual prejudice as a result. The court noted that Mills' participation was limited to the examination of Sergeant Apodaca, that Mills was supervised by a licensed attorney at all times, that Mills did not commence the prosecution of Defendant, and that he did not exert control over the prosecution. The court also concluded that the officers at the roadblock did not have broad discretion to ask whatever they wanted of the drivers they encountered, the officers were limited to two minutes of questioning, and the record did not indicate that Defendant or any other driver stopped at the roadblock was questioned in an intimidating or unreasonable manner.

**DISCUSSION**

**Examination of a Witness by an Unlicensed Individual Was Permissible**

{7}     Defendant contends that we must address two questions regarding the State's use of an unlicensed individual during the course of a trial in metropolitan court: (1) whether the examination of a witness constitutes the practice of law and (2) whether the State's representation by an unlicensed person requires reversal of Defendant's conviction. For purposes of this appeal, we assume without deciding that conducting the examination of a witness during trial constitutes the practice of law. Thus, we address only the legal question of whether our rules and statutes permit an unlicensed person to practice law in metropolitan court. Our review is de novo. *State v. Nevarez*, 2010-NMCA-049, ¶ 10, ___ N.M. ___, ___ P.3d ___ (noting that we review questions of law de novo), *cert. granted*, 2010-NMCERT-006, ___ N.M. ___, ___ P.3d ___.

{8}     Defendant argues that unlicensed persons are only permitted to practice law in metropolitan court under two circumstances, both of which are found in Rule 7-108 NMRA. Rule 7-108 provides that "[p]eace officers may file criminal complaints against persons in the metropolitan court that has jurisdiction over the alleged offense" and that "[a] governmental entity may appear and prosecute any misdemeanor proceeding if the appearance is by an employee of the governmental entity authorized by the governmental entity to institute or cause to be instituted an action on behalf of the governmental entity." Rule 7-108(A), (B). The Rule also provides that "[p]eace officers and government employees . . . shall be authorized to testify and present evidence to the court" and that, "[i]n the court's discretion, such parties may also ask questions of witnesses, either directly or through the court, and may make statements bringing pertinent facts and legal authorities to the court's attention." Rule 7-108(C). The version of the rule in effect at the time of

3

Defendant's trial also allowed "individual[s] acting in their own behalf" to do everything that peace officers are permitted to do under the rule. Rule 7-108 NMRA (1988). According to Defendant, because Mills was neither a peace officer nor a governmental employee, he was not permitted to prosecute Defendant.

{9}     We disagree with Defendant's assertion that non-lawyers are only permitted to practice law in metropolitan court under these two circumstances. NMSA 1978, Section 36-2-27 (1999) provides that "[n]o person shall practice law in a court of this state, except a magistrate court . . . unless he has been granted a certificate of admission to the bar under the provision of Chapter 36 NMSA 1978." Under the plain language of this section, it is clear that a person who has not been admitted to the bar is permitted to practice law in a magistrate court in New Mexico. NMSA 1978, Section 34-8A-2 (1980) provides that "the metropolitan court shall constitute a state magistrate court which is inferior to the district courts." Because the metropolitan court is a magistrate court, and because non-lawyers are permitted to practice law in magistrate courts, our Legislature has expressly granted non-lawyers the ability to practice law in metropolitan court.

{10}     We note that our "Supreme Court is vested with the exclusive power to regulate pleading, practice, and procedure in the courts" and that "when a statute conflicts with a Supreme Court rule on a matter of procedure, the Supreme Court rule prevails, and the statute is not binding." *State v. Valles*, 2004-NMCA-118, ¶ 14, 140 N.M. 458, 143 P.3d 496. Where a statute involves substantive law and there is a conflict between a rule and a statute, "the statute prevails, and the Supreme Court rule is not binding." *Id.* Thus, if Section 36-2-27 conflicts with Rule 7-108, and if Section 36-2-27 involves pleading, practice, and procedure, then the limitations imposed by Rule 7-108 would prevail over the broader authority to practice law in metropolitan court conveyed by Section 36-2-27. While Rule 7-108 limits who may initiate a prosecution against persons in metropolitan court, it does not bar unlicensed persons from participating in a trial. Thus, while Mills would not have been permitted to initiate the prosecution of Defendant in metropolitan court, he was not barred by the rule from participating in the prosecution initiated and controlled by the State. There is therefore no conflict between the statute and the rule under the facts of this case, and we do not address whether Section 36-2-27 involves a substantive right or pleading, practice, and procedure.

{11}     We note that Rules 5-110 NMRA, 5-110.1 NMRA, 1-094 NMRA, and 1-094.1 NMRA, also provide a mechanism for unlicensed persons to practice law in New Mexico. Specifically, those rules permit law students participating in clinical education programs to participate in criminal and civil proceedings when certain requirements, such as obtaining written approval of the presiding judge, have been met. *See id.* While the rules are contained in the rules of procedure for the district court, they authorize law students who meet the requirements of the rule "to appear before the courts and administrative agencies of th[e] state." Rule 1-094(B). Thus, the rules appear to permit and provide a mechanism for law students to practice law not only in district court, but also before other courts and administrative agencies throughout the State. Because Defendant contends that there is no

4

evidence that Mills was a law student, we do not address the relationship between Rule 5-110 and Section 36-2-27.

**{12}** Because we conclude that Mills' participation in Defendant's case was expressly authorized by Section 36-2-27, we affirm the denial of Defendant's motion for mistrial and for a new trial.

**Roadblock was Constitutional**

**{13}** Defendant next contends that the roadblock where he was stopped was unconstitutional. Specifically, Defendant argues that the roadblock's guidelines did not properly restrict the officers' discretion to talk to motorists. Sergeant Apodaca, the supervising officer that set up the roadblock, testified that he set guidelines limiting the field officers' discretion to discuss certain topics with motorists and provided those instructions to the officers at a briefing prior to the roadblock. Sergeant Apodaca indicated that officers were limited to no more than two minutes of conversation with motorists, and that they were not permitted to ask questions unrelated to a driver's sobriety, such as whether a driver had any warrants or a driver's license. Despite this testimony, Defendant contends that the field officers were not actually limited in their discretion to detain drivers and discuss certain topics.

**{14}** Defendant points to the testimony of Officer Olvera, the officer who stopped Defendant at the roadblock. According to Defendant, Officer Olvera testified that he "believed [he] could take two to three minutes" to talk to each driver. The citation Defendant provides for that testimony, however, does not exist in the record. Officer Olvera did testify that while he tried to keep his contact with drivers to two minutes, his contact was limited to "two or three minutes." This was in response to defense counsel's questioning regarding roadblocks in general, not the specific roadblock where Defendant was stopped.

**{15}** Defendant also points to the fact that Officer Olvera indicated that he thought he could ask questions such as whether a driver had any warrants or whether a driver had a license, although that he had never asked such questions, and he limited his questioning to whether a driver had been drinking. Defendant contends that there is a wide disagreement between what Sergeant Apodaca told the field officers to do and what Officer Olvera actually believed he was able to do. As a result, Defendant argues that the metropolitan court erred by considering the circumstances of Defendant's stop rather than the restrictions that the stopping officer perceived as applying to the roadblock. We disagree and, for the following reasons, affirm the court's conclusion that the roadblock was constitutionally reasonable.

**{16}** "Whether a search and seizure was constitutional is a mixed question of law and fact." *State v. Duran*, 2005-NMSC-034, ¶ 19, 138 N.M. 414, 120 P.3d 836. We therefore "review factual determinations by the trial court under a substantial evidence standard" and the trial court's "determination of legal questions de novo." *Id.* In doing so, we will indulge

all reasonable inferences in support of the trial court's decision and "all inferences or evidence to the contrary will be disregarded." *State v. Jason L.*, 2000-NMSC-018, ¶ 10, 129 N.M. 119, 2 P.3d 856 (internal quotation marks and citation omitted). "Conflicts in the evidence, even within the testimony of a witness, are to be resolved by the fact finder at trial." *Id.*

{17}    Our primary concern in analyzing the constitutionality of a roadblock is the determination that "an individual's reasonable expectation of privacy is not subject to arbitrary invasions solely at the unfettered discretion of officers in the field." *City of Las Cruces v. Betancourt*, 105 N.M. 655, 658, 735 P.2d 1161, 1164 (Ct. App. 1987). One factor that we consider in making this determination is whether the discretion of the field officers is limited by the creation of uniform restrictions to be utilized when stopping motorists. *Id.* at 659, 735 P.2d at 1165. "Automobiles should not be stopped randomly," and officers should be provided with "uniform procedures to be utilized when stopping motorists" so that "[a]s nearly as possible, each motorist [will] be dealt with in precisely the same manner." *Id.* This factor is dispositive, and if the "police fail to establish uniform procedures for dealing with motorists who come through a roadblock, the roadblock will not pass constitutional muster and the stops will be invalid." *State v. Villas*, 2002-NMCA-104, ¶ 7, 132 N.M. 741, 55 P.3d 437.

{18}    Here, the metropolitan court heard testimony that Sergeant Apodaca created uniform restrictions limiting the amount of time field officers could question drivers and the content of the questions field officers could ask drivers. Defendant contends that because Officer Olvera indicated that he believed he had slightly more discretion than Sergeant Apodaca had provided to the field officers, the metropolitan court erred in concluding that the officers' discretion was appropriately limited. In so arguing, Defendant asks this court to reweigh the evidence and conclude that the metropolitan court should have relied on Officer Olvera's testimony rather than Sergeant Apodaca's testimony. Because resolution of any conflicts in the testimony of witnesses is exclusively the province of the metropolitan court, the metropolitan court was free to reject Officer Olvera's testimony and rely on Sergeant Apodaca's testimony regarding the limits placed on the field officers' discretion. Defendant does not argue that the limits Sergeant Apodaca placed on the field officers' discretion were insufficient, nor does he attack any other aspects of the roadblock. We therefore conclude that the metropolitan court properly denied Defendant's motion to suppress the evidence obtained as a result of the roadblock. *See Jason L.*, 2000-NMSC-018, ¶ 11.

**CONCLUSION**

{19}    For the foregoing reasons, we affirm Defendant's conviction.

{20}    **IT IS SO ORDERED.**

_____
**CYNTHIA A. FRY, Chief Judge**

6

**WE CONCUR:**

_____

**MICHAEL D. BUSTAMANTE, Judge**


_____

**ROBERT E. ROBLES, Judge**

**Topic Index for _State v. Rivera_, Docket No. 29,317**

| | |
|---|---|
| **AT** | **ATTORNEYS** |
| AT-UP | Unauthorized Practice |
| | |
| **CL** | **CRIMINAL LAW** |
| CL-DG | Driving While Intoxicated |
| | |
| **CA** | **CRIMINAL PROCEDURE** |
| CA-CX | Cross-examination |
| CA-PJ | Prejudice |
| CA-RK | Roadblocks |
| CA-SZ | Search and Seizure |
| | |
| **CT** | **CONSTITUTIONAL LAW** |
| CT-FA | Fourth Amendment |