# IN THE SUPREME COURT OF THE STATE OF NEW MEXICO

**Opinion Number: 2012-NMSC-003**

**Filing Date: January 5, 2012**

**Docket No. 32,677**

**STATE OF NEW MEXICO,**

  **Plaintiff-Respondent,**

**v.**

**ZIRACHUEN RIVERA,**

  **Defendant-Petitioner.**

**ORIGINAL PROCEEDING ON CERTIORARI**
**Ross C. Sanchez, District Judge**

Lisa A. Torraco
Albuquerque, NM

The Law Office of Mary Griego
Mary Ruth Griego
Albuquerque, NM

L. Helen Bennett, P.C.
Linda Helen Bennett
Albuquerque, NM

for Petitioner

Gary K. King, Attorney General
James W. Grayson, Assistant Attorney General
Santa Fe, NM

for Respondent

Jennifer L. Street
Albuquerque, NM

Jones, Snead, Wertheim & Wentworth, P.A.

1

Jerry Todd Wertheim
Santa Fe, NM

for Amicus Curiae New Mexico Criminal Defense Lawyers Association

## OPINION

**BOSSON, Justice.**

**{1}** In this opinion, we clarify our rules and judicial precedent that pertain to the authorized practice of law in all courts of this state. Specifically, the practice of law in any court is limited to duly licensed attorneys who are members of the State Bar or otherwise authorized by this Court's rules in specific, limited circumstances. Because the Court of Appeals relied on statutory expressions that appear to permit the unauthorized practice of law in our magistrate courts, we reverse the Court of Appeals while affirming the conviction below.

## BACKGROUND

**{2}** Zirachuen Rivera (Defendant) drove through a DWI checkpoint in Bernalillo County, New Mexico, and an officer suspected he had been drinking alcohol. Defendant showed signs of impairment on the standard field sobriety tests and was arrested on suspicion of driving while intoxicated.

**{3}** Defendant's bench trial began in Bernalillo County Metropolitan Court (metro court), where assistant district attorney Rachel Bayless entered an appearance for both herself and Chris Mills, a purported attorney, on behalf of the State. At the conclusion of trial, Defendant was found guilty of driving while intoxicated. Upon leaving the courtroom, defense counsel overheard Mills telling Bayless that he had decided not to take the New Mexico bar exam. Upon learning that Mills was not a licensed New Mexico attorney, Defendant filed a motion for a mistrial and a new trial. In that motion, Defendant declared, "[u]pon information and belief, Mr. Mills is a law student . . . ." Defendant later attached a certificate from Kathleen Jo Gibson, Chief Clerk of the New Mexico Supreme Court, affirming that Mills was not on the official roll of New Mexico attorneys.

**{4}** Defendant then appealed to the district court because the motion for a new trial was denied by operation of law when it was not granted within twenty days. *See* Rule 7-611(B) NMRA. Defendant then appealed to the district court arguing that his conviction must be vacated because the State was represented at trial by a person not licensed to practice law. After a hearing, the district court concluded that "Mills' participation appears impermissible, or at the least not explicitly provided for." The court affirmed the conviction nonetheless, noting that Defendant "cites no particular actual prejudice that he suffered at his trial which resulted from Mills' participation."

**{5}** Defendant then appealed to the Court of Appeals. In a formal opinion, *State v.*

*Rivera*, 2010-NMCA-109, ¶ 9, 149 N.M. 406, 249 P.3d 944, the court focused on NMSA 1978, Section 36-2-27 (1999), which states, "[n]o person shall practice law in a court of this state, *except a magistrate court*, . . . unless he has been granted a certificate of admission to the bar under the provision of Chapter 36 NMSA 1978." (Emphasis added.) The Court of Appeals reasoned that Section 36-2-27 allows lay persons to practice law in "a magistrate court." *Id.* Since, according to NMSA 1978, Section 34-8A-2 (1980), metro court is a particular kind of magistrate court for Bernalillo County, the Court concluded that "our Legislature has expressly granted non-lawyers the ability to practice law in metropolitan court." *Rivera*, 2010-NMCA-109, ¶ 9.

**{6}** Accordingly, the Court of Appeals "affirm[ed] the denial of Defendant's motion for mistrial and for a new trial." *Id.* ¶ 12. We granted certiorari to clarify the important question of who may practice law in our lower courts. We also discuss the consequences of practicing law when unauthorized in the context of a criminal prosecution like this one.

**DISCUSSION**

**{7}** Section 36-2-27 limits the practice of law "in a court of this state" to duly licensed attorneys, "except [in] a magistrate court," an exception that appears to pre-date magistrate courts back to the time of justices of the peace. *See* NMSA 1953, § 18-1-26 (1957). Notwithstanding this legislative expression, the ultimate authority "to regulate all pleading, practice and procedure" resides in the judicial branch of government, and specifically in the Supreme Court. *State ex rel. Anaya v. McBride*, 88 N.M. 244, 246, 539 P.2d 1006, 1008 (1975). The authority "to define and regulate the practice of law is inherently contained in the grant of judicial power to the courts by the Constitution." *State Bar v. Guardian Abstract & Title Co.*, 91 N.M. 434, 439, 575 P.2d 943, 948 (1978); *see also State ex rel. Norvell v. Credit Bureau of Albuquerque, Inc.*, 85 N.M. 521, 528, 514 P.2d 40, 47 (1973) ("[T]he regulation of the practice of law is the exclusive constitutional prerogative of this court.").

**{8}** With regards to rule-making, however, judicial authority is not necessarily exclusive; we have previously recognized legislative statutes that regulate procedure. *See Sw. Cmty. Health Servs. v. Smith,* 107 N.M. 196, 198, 755 P.2d 40, 42 (1988) (discussing the judiciary having "shared procedural rule-making with the legislature"). But, whether such a statute is ultimately given effect depends on the degree to which it conflicts with the rules of this Court. *See Albuquerque Rape Crisis Ctr. v. Blackmer*, 2005-NMSC-032, ¶ 13, 138 N.M. 398, 120 P.3d 820 ("The question in this case is whether the [legislatively created privilege] conflicts with, or rather is consistent with, rules promulgated by this Court.").

**{9}** In 1987, this Court saw fit to limit Section 36-2-27 by just such a rule. We declared in Rule 24-101(A) NMRA that "[e]xcept as otherwise provided by the rule adopted by the Supreme Court, no person shall practice law in this state or hold himself or herself out as one who may practice law in this state unless such person is an active member of the state bar." Our rule applies to *all* courts of this state, without exception. We have never promulgated

3

a rule that would permit the practice of law by non-attorneys in magistrate court.

**{10}** Even before our express rule, this Court had limited Section 36-2-27 by judicial decision. In *Norvell*, 85 N.M. at 528-31, 514 P.2d at 48-51, we interpreted the predecessor statute to Section 36-2-27, materially identical, and held that the Credit Bureau of Albuquerque was engaged in the unauthorized practice of law *in magistrate court* by using non-attorney employees to present collection cases against debtors. Whenever a debtor responded without legal counsel to a collection case in magistrate court, "the Credit Bureau's collection manager appear[ed] at the trial on the merits to litigate the case." *Norvell*, 85 N.M. at 525, 514 P.2d at 44.

**{11}** Ultimately, *Norvell* limited the magistrate court exception in Section 36-2-27 to those few occasions when a non-attorney might appear only "on a casual and non-recurring basis without the contaminating aspects of solicitation and charging of fees." *Norvell*, 85 N.M. at 529, 514 P.2d at 48. We emphasized that "[w]e will not permit the practice of law by unlicensed magistrate courts' lawyers who are unfettered by the strictures which apply to the rest of the legal profession." *Id.*

**{12}** Our holding in *Norvell*, later supplemented by rule, could not be clearer. Only attorneys properly admitted to the Bar may practice law in any court of this state, subject to those few exceptions provided in our rules, such as clinical law students under prescribed circumstances. Accordingly, we reverse the Court of Appeals to the extent that its opinion relied on state statute to allow non-attorneys to practice law in magistrate court.

**{13}** This holding, however, does not end our inquiry. By rule, we have created limited exceptions that allow certain individuals without a bar license to practice law in New Mexico courts. For example, under Rule 24-106 NMRA, a member in good standing of the bar of another state may participate in New Mexico courts under certain circumstances. Also, Rules 1-094, 1-094.1, 5-110, and 5-110.1 NMRA allow clinical law students to practice in our courts and administrative agencies. While the requirements for out-of-state attorneys and law students differ, the rules share one condition; namely, that a proper authority must be notified in writing of their non-licensed status—the State Bar in the case of an out-of-state attorney and the judge presiding over the proceeding in the case of a clinical law student. *See* Rules 24-106 and 1-094.

**{14}** Finally, Rule 7-108 NMRA explicitly provides for non-attorney criminal prosecutions in metro court under certain circumstances. The current version of this rule allows both peace officers and employees of governmental entities acting on behalf of that entity to prosecute certain criminal actions. *Id.* In addition, at the time of the trial in this case, Rule 7-108 allowed for prosecutions by "individual citizens acting on their own behalf," a provision since withdrawn by this Court.

**{15}** Returning now to Mills, the only evidence in the record regarding Mills' status is the letter from our clerk, Ms. Gibson, confirming that as of the time of trial he was not on the

4

official roll of attorneys. There is no evidence in the record that Mills was licensed in another state, was an employee of a governmental entity, or was a peace officer. He could not have been a citizen prosecuting on his own behalf, as Defendant was charged with DWI, a crime against society as a whole, and generally not directed against an individual citizen "acting on their own behalf." *Id.* Even though defense counsel at some point thought Mills was a clinical law student, the court never entered an order approving such an appearance pursuant to Rule 1-094. We simply do not know from the record what Mills' status was; we only know what he was not. As a result, we agree with the district court that Mills' participation in Defendant's trial was unauthorized, in violation of our rules, and therefore "impermissible."

**Error Does Not Warrant Reversal**

{16}    We assume, without deciding, that Mills' participation at trial as a purported prosecutor constituted judicial error. We now determine what effect, if any, this had on Defendant's conviction.

{17}    With the exception of structural error, we require that an error prejudice the accused in some way before we will consider reversal. *See State v. Dominguez*, 2007-NMSC-060, ¶ 13, 142 N.M. 811, 171 P.3d 750 ("[J]udicial error by itself is not necessarily grounds for reversal in the absence of actual prejudice."); *State v. Gallegos*, 2007-NMSC-007, ¶ 18, 141 N.M. 185, 152 P.3d 828 ("Even when the trial court abuses its discretion in failing to sever charges, appellate courts will not reverse unless the error actually prejudiced the defendant."); *State v. Gonzales*, 2000-NMSC-028, ¶ 32, 129 N.M. 556, 11 P.3d 131 ("In order to warrant reversal, the erroneous admission of evidence must cause prejudice to a defendant.").

{18}    Before we can assess the effect of Mills' unauthorized trial participation, we must examine what Mills actually did at trial. The trial transcript shows that Bayless, a duly licensed assistant district attorney, was present for the entire trial and personally conducted most of it, including witness examinations, evidentiary objections, and sentencing. Over the course of the two-day trial, Bayless appeared to step aside only twice. First, she allowed Mills to examine the State's first witness, whose testimony helped establish the constitutionality of the DWI checkpoint. Second, Bayless did not make the State's closing argument, but neither did Mills; closing was given by another assistant district attorney. In short, it does not appear from the record that Mills did much at trial, and even what little he did was uneventful and subject to the direct supervision of the lead prosecutor, Bayless.

{19}    As a result, Defendant has not claimed any actual prejudice from Mills' participation at trial. The trial transcript shows no irregularity in Mills' questioning of his sole witness. Moreover, even if Mills had done more, Mills was not Defendant's attorney, he represented the State. As a general rule, defense counsel's duties and obligations remain unchanged, whether opposing counsel is the attorney general, a district attorney, or a clinical law student. In any case, defense counsel must zealously advocate on behalf of the client, which

5

counsel appeared to do here. Because Defendant was not prejudiced by Mills' impermissible participation at trial, we conclude that the conviction in this case is not "inconsistent with substantial justice" and does not warrant reversal. Rule 7-704(A) NMRA.

**{20}** Notwithstanding the lack of prejudice, Defendant argues additional grounds for reversal. First, Defendant urges us to assume prejudice, essentially arguing that the unauthorized practice of law by a representative of the State is structural error that warrants automatic reversal. This argument, however, fails to persuade us. Structural error exists "only in a very limited class of cases." *State v. Padilla*, 2002-NMSC-016, ¶ 16, 132 N.M. 247, 46 P.3d 1247 (internal quotation marks and citation omitted). "Such errors infect the entire trial process, and necessarily render a trial fundamentally unfair." *Neder v. United States*, 527 U.S. 1, 8 (1999) (internal quotation marks and citations omitted). Structural errors include such pervasive defects as racial discrimination in the selection of a grand jury, complete denial of the right to counsel, a significant defect in the reasonable-doubt instruction, and denial of the right to a public trial. *Padilla*, 2002-NMSC-016, ¶ 16. We are not persuaded to expand this limited class of cases to include Mills' participation under the circumstances of this case.

**{21}** Defendant maintains that lack of prejudice is immaterial because an unauthorized prosecution deprives the trial court of jurisdiction. Defendant relies on *State v. Hollenbeck*, 112 N.M. 275, 814 P.2d 143 (Ct. App. 1991) and *State v. Baca*, 101 N.M. 716, 688 P.2d 34 (Ct. App. 1984) for this proposition. In both *Hollenbeck* and *Baca*, the accused was prosecuted by a *private* attorney who the district attorney had failed to properly appoint or otherwise authorize to conduct the prosecution. *Hollenbeck*, 112 N.M. at 276, 814 P.2d at 144; *Baca*, 101 N.M. at 717, 688 P.2d at 35. Once it was established that the private attorney lacked authority to prosecute, our Court of Appeals concluded in each case that the trial court lacked subject matter jurisdiction, thereby reversing the convictions. *Hollenbeck*, 112 N.M. at 277-78, 814 P.2d at 145-46; *Baca*, 101 N.M. at 718, 688 P.2d at 36.

**{22}** *Hollenbeck* and *Baca* are vastly different from what took place in Defendant's prosecution. Defendant was prosecuted by a properly-appointed assistant district attorney, Bayless, who—it is clear from the trial transcript—was in charge of the prosecution and personally conducted most of it. In contrast with both *Hollenbeck* and *Baca*, Defendant was lawfully prosecuted. The authority to prosecute was vested in Bayless, an assistant district attorney, and that authority provided the court with the very jurisdiction over Defendant's case that the court lacked in both *Hollenback* and *Baca*. *See* NMSA 1978, § 36-1-2 (1984).

**Clinical Law Program**

**{23}** While there is nothing in the record to confirm it, even defense counsel believed that Mills was a law student, and under the circumstances he likely was. This Court created Rule 1-094 to allow the University of New Mexico School of Law to administer clinical law programs. We are pleased with the success of such programs and believe the experience

6

they afford law students is invaluable. However, this case should serve as a cautionary tale to those participating in clinical programs—students, faculty, and supervising attorneys alike. The issue in this appeal could likely have been avoided with a minimal amount of care and supervision.

**{24}** Rule 1-094(B) requires "written approval of the judge presiding over the case." We specifically created Form 4-821 to use with Rule 1-094. If Mills was in fact a law student, all that was needed was the presiding judge's approval, evidenced by a signature on Form 4-821 and documented in the case file. We recognize that metro court is the busiest court in the state. Bayless could have introduced Mills as a clinical law student, requested oral approval on the record, and later filed the written approval. Metro court is also an excellent place for law students to gain valuable experience. Mindful of the benefits of that experience, we urge those responsible to redouble their efforts and function within the rules provided.

**CONCLUSION**

**{25}** We affirm Defendant's conviction and reverse the opinion of the Court of Appeals to the extent it is inconsistent herewith.

**{26}** **IT IS SO ORDERED.**

_____

**RICHARD C. BOSSON, Justice**

**WE CONCUR:**

_____

**CHARLES W. DANIELS, Chief Justice**

_____

**PATRICIO M. SERNA, Justice**

_____

**PETRA JIMENEZ MAES, Justice**

_____

**EDWARD L. CHÁVEZ, Justice**

**Topic Index for *State v. Rivera*, No. 32,677**

| | |
|---|---|
| **AE** | **APPEAL AND ERROR** |
| AE-HE | Harmless Error |
| AE-PJ | Prejudicial Error |

**AT**        **ATTORNEYS**
AT-AG        Attorneys, General
AT-UP        Unauthorized Practice

**CA**        **CRIMINAL PROCEDURE**
CA-MP        Misconduct by Prosecutor
CA-PJ        Prejudice