This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

No. A-1-CA-36571

**CITY OF ROSWELL,**

      Plaintiff-Appellee,

v.

**HIRAM HUDSON, JR.,**

      Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF CHAVES COUNTY**
**James M. Hudson, District Judge**

Parker W. Patterson, Deputy City Attorney
Roswell, NM

for Appellee

Hiram Hudson, Jr.
Roswell, NM

Pro Se Appellant

### MEMORANDUM OPINION

**IVES, Judge.**

**{1}** The district court found Defendant Hiram Hudson guilty, after a bench trial on Defendant's de novo appeal of his municipal court convictions, of driving on a suspended license, in violation of the Roswell City Code, and criminal contempt based on his failure to appear in court. Defendant appeals, proceeding pro se, as he did throughout the municipal court and district court proceedings. Defendant argues that (1) the municipal court and district court lacked jurisdiction for various reasons; (2) the statute governing appeals from municipal courts, NMSA 1978, § 35-15-7(C) (1996), is unconstitutionally vague; and (3) the evidence is insufficient to support his conviction for unlawful use of a driver's license. We affirm.

## I. Defendant Has Not Established That the Municipal Court and District Court Lacked Subject Matter Jurisdiction

**{2}** Defendant makes two jurisdictional arguments. First, he claims that the record does not establish that he waived his right to counsel in the municipal court, where his initial trial took place;[1] that the absence of such a record deprived the municipal court of jurisdiction; and that if the municipal court lacked jurisdiction, then the district court did, too. Second, he argues that the metropolitan court and district court lacked jurisdiction over the contempt charge because the municipal court's notice of trial and bench warrant for Defendant's failure to appear for trial were defective. Reviewing these jurisdictional questions de novo, *State v. Allen*, 2014-NMCA-111, ¶ 7, 336 P.3d 1007, we find Defendant's arguments unpersuasive.

**{3}** Both arguments depend on *State v. Lynch*, 1971-NMCA-049, 82 N.M. 532, 484 P.2d 374, but Defendant's reliance on *Lynch* is misplaced. In *Lynch*, we held that a magistrate court lacked subject matter jurisdiction over a particular criminal charge, and that the district court therefore "suffered the same lack of jurisdiction" because the district court is "a court of limited jurisdiction for the purpose of the appeal and trial de novo" from the magistrate court. *Id.* ¶ 7. *Lynch* does not support Defendant's arguments because, unlike the magistrate court in *Lynch*, the municipal court in Defendant's case had subject matter jurisdiction over both charges against him pursuant to NMSA 1978, Section 35-14-2(A) (2011), which provides, "[e]ach municipal court has jurisdiction over all offenses and complaints under ordinances of the municipality and may issue subpoenas and warrants and punish for contempt." Because the municipal court had jurisdiction over Defendant's case, the district court had jurisdiction to conduct the de novo appellate proceedings that resulted in his convictions. *See* N.M. Const. art. VI, § 13 ("The district court shall have . . . appellate jurisdiction of cases originating in inferior courts and tribunals in their respective districts as provided by law[.]"); § 35-15-7(A) ("An appeal from the municipal court is taken by filing with the clerk of the district court a notice of appeal."); Rule 8-110(D) NMRA (1996) ("Any person found guilty of contempt may appeal to the district court pursuant to the rules of procedure governing appeals from the municipal court.").

**{4}** Under Section 35-14-2(A), the subject matter jurisdiction of the municipal court does not hinge on (1) whether the municipal court record demonstrates that Defendant validly waived his right to counsel in municipal court or (2) whether the municipal court's notice of trial and bench warrants were in the proper form. Defendant has not persuaded us that the municipal court lacked subject matter jurisdiction over the charges against him or that the district court lacked such jurisdiction to conduct a trial as part of Defendant's de novo appeal.

---

1Defendant acknowledges that during the proceedings in district court, which resulted in the two convictions he challenges on appeal, he voluntarily proceeded pro se after knowingly and intelligently waiving his right to the assistance of counsel. Our careful review of the record confirms this. This appeal therefore does not involve any dispute about whether Defendant's convictions are the product of a trial in which structural error occurred. *See generally State v. Rivera*, 2012-NMSC-003, ¶ 20, 268 P.3d 40 (recognizing that "structural errors" involve "pervasive defects" such as "complete denial of the right to counsel").

## II.     Defendant's Vagueness Argument Lacks Merit

**{5}**     Defendant argues that Section 35-15-7(C) is unconstitutional because the statute, when read together with Rule 8-703(A) NMRA (2012) and Rule 5-826 NMRA, is too vague. Reviewing this argument de novo, *State v. Laguna*, 1999-NMCA-152, ¶ 24, 128 N.M. 345, 992 P.2d 896, we disagree.

**{6}**     Defendant has given us no basis to extend application of the void-for-vagueness doctrine to statutes such as Section 35-15-7(C), which describe court procedures. The doctrine requires that the legislative branch, "rather than the executive or judicial branch, define what conduct is *sanctionable* and what is not." *Sessions v. Dimaya*, ___ U.S. ___, ___, 138 S. Ct. 1204, 1212 (2018) (emphasis added). When statutes provide for sanctions, the vagueness doctrine serves two purposes: "guarantee[ing] that ordinary people have 'fair notice' of the conduct a statute proscribes" and "guard[ing] against arbitrary or discriminatory law enforcement by insisting that a statute provide standards to govern the actions of police officers, prosecutors, juries, and judges." *Id.*; *accord State v. Pierce*, 1990-NMSC-049, ¶ 19, 110 N.M. 76, 792 P.2d 408. These protections do not apply here because the statutory provision that Defendant contends is too vague does not proscribe any conduct or attach any sanction for failure to comply. The portion of Section 35-15-7(C) at issue provides, "The appeal shall be governed by the Rules of Civil Procedure for the District Courts[.]" Rather than defining sanctionable conduct, this statutory provision requires district courts to follow certain procedural rules in appeals from municipal courts. Defendant has not cited any authority that would support extending the vagueness doctrine to such a statute, and we will therefore assume none exists. *See In re Adoption of Doe*, 1984-NMSC-024, ¶ 2, 100 N.M. 764, 676 P.2d 1329 ("We assume where arguments in briefs are unsupported by cited authority, counsel after diligent search, was unable to find any supporting authority. We therefore will not do this research for counsel."); *Bruce v. Lester*, 1999-NMCA-051, ¶ 4, 127 N.M. 301, 980 P.2d 84 ("[A] pro se litigant is not entitled to special privileges because of his pro se status."). Nor has Defendant developed any argument to extend the vagueness doctrine to procedural statutes, and we decline to develop one for him. *See Elane Photography, LLC v. Willock*, 2013-NMSC-040, ¶ 70, 309 P.3d 53 ("To rule on an inadequately briefed issue, [the appellate c]ourt would have to develop the arguments itself, effectively performing the parties' work for them.").

## III.     Sufficient Evidence Supports Defendant's Conviction for Driving on a Suspended License

**{7}**     Defendant contends that the evidence was insufficient to support his conviction for unlawful use of a driver's license, arguing that there was no evidence that the Motor Vehicle Division (MVD) ever mailed him a letter notifying him that his license had been suspended. Therefore, according to Defendant, there was insufficient evidence that he knew or should have known that his license was suspended.

**{8}**     When a defendant argues that the evidence is insufficient, we "view the evidence in the light most favorable to the guilty verdict, indulging all reasonable inferences and

resolving all conflicts in the evidence in favor of the [conviction]." *State v. Holt*, 2016-NMSC-011, ¶ 20, 368 P.3d 409 (internal quotation marks and citation omitted). "In that light, the [appellate c]ourt determines whether *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Id.* (internal quotation marks and citation omitted). We do "not weigh the evidence and may not substitute [our] judgment for that of the fact finder so long as there is sufficient evidence to support the [conviction]." *State v. Sutphin*, 1988-NMSC-031, ¶ 21, 107 N.M. 126, 753 P.2d 1314.

**{9}** Applying this deferential standard, we conclude that the evidence suffices. The City introduced certified official records of the MVD for Defendant, which showed that MVD had suspended his license on April 14, 2016, for a period of one year based on Defendant driving on a suspended license on March 27, 2015. The MVD records also included a notice of withdrawal of driving privileges, which is dated June 20, 2016, and addressed to Defendant at his home address. The notice states that Defendant's driving privileges were suspended from April 14, 2016 through April 14, 2017. Although the City did not introduce any direct evidence that MVD mailed the notice to Defendant, a reasonable fact-finder could conclude that Defendant knew or should have known that his license was suspended on August 29, 2016, because the suspension at issue was based on Defendant's prior citation in 2015 for driving on a suspended license. The citation gave the district court a basis to infer that Defendant was on notice that his driving privileges remained suspended on August 29, 2016.

**CONCLUSION**

**{10}** We affirm.

**{11}  IT IS SO ORDERED.**

**ZACHARY A. IVES, Judge**

**WE CONCUR:**

**J. MILES HANISEE, Chief Judge**

**KRISTINA BOGARDUS, Judge**