This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

No. A-1-CA-39021

**KYLE SALAS; VICKY ISLAS;
STEPHANIE ORTIZ; ALBERTO
ROYBAL; RHONDA D. SANCHEZ;
JESSICA SIETERS MARTINEZ; and
LORI SIETERS, on behalf of themselves
and all other similarly situated,**

Plaintiffs-Appellants,

v.

**GUADALUPE CREDIT UNION,**

Defendant-Appellee.

**APPEAL FROM THE DISTRICT COURT OF SANTA FE COUNTY
Francis J. Mathew, District Judge**

Treinen Law Office, P.C.
Rob Treinen
Albuquerque, NM

Humphreys Wallace Humphreys, P.C.
Robert David Humphreys
Lucius James Wallace
Santa Fe, NM

for Appellants

Sutin, Thayer & Browne, P.C.
Stevan Douglas Looney
Christina M. Looney
Albuquerque, NM

for Appellee

**MEMORANDUM OPINION**

**DUFFY, Judge.**

**{1}** Plaintiffs, a potential putative class, brought claims against Guadalupe Credit Union (GCU) for the alleged unauthorized practice of law stemming from collection actions brought in magistrate court by non-attorney GCU employees. The district court dismissed Plaintiffs' complaint for failure to state a claim under Rule 1-012(B)(6) NMRA. We reverse.

**BACKGROUND**

**{2}** Plaintiffs were, at various points, GCU members. Plaintiffs filed a complaint in district court for damages and injunctive relief against GCU for alleged unauthorized practice of law, alleging claims under NMSA 1978, Section 36-2-28.1 (2011) (providing private remedies for the unauthorized practice of law), and the Unfair Practices Act (UPA), NMSA 1978, Section 57-12-2(D), (E) (2009, amended 2019). Plaintiffs' complaint alleged that GCU engaged in the unauthorized practice of law by filing debt collection actions in Santa Fe County Magistrate Court. In these actions, GCU employees—none of whom were attorneys—opened collection lawsuits, filed motions for default judgment, entered into stipulated agreements, and "sought, collected or received monies" from Plaintiffs.

**{3}** Prior to class certification, GCU moved to dismiss Plaintiffs' claims under Rule 1-012(B)(6), arguing that Plaintiffs failed to state an actionable claim and that Plaintiffs lacked standing. The district court held a hearing on the motion and dismissed the case, ruling that

> there is no question that the action complained of is not rendering a service to . . . Plaintiffs. The service that was rendered, if any, was rendered to [GCU] and the persons that were rendering that service were undoubtedly engaged in the practice of law but with respect to their employer [GCU]. And I think we have a situation that may require [our] Supreme Court to revisit magistrate [court] Rule 2-107 [NMRA], [and] may require the Legislature to revisit the statute, but the bottom line for this morning is that I think that the motion is well taken and I'm granting the motion.

Plaintiffs appeal.

**DISCUSSION**

**{4}** Plaintiffs assert the district court erred in concluding that their complaint failed to state a claim because (1) the unauthorized practice of law is a cognizable claim under Section 36-2-28.1 and the UPA; (2) GCU was not permitted by statute or rule to file and prosecute cases in magistrate court pro se; and (3) Plaintiffs have standing to bring their claims. GCU argues that the district court's ruling should be affirmed because Plaintiffs' complaint did not specifically allege that GCU had violated NMSA 1978, Section 36-2-

27 (1999)—the statutory provision that gives rise to a cause of action under Section 36-2-28.1—and in any event it was authorized to represent itself pro se in magistrate court under Section 36-2-27 and Rule 2-107. For the reasons that follow, we conclude Plaintiffs' complaint sufficiently stated claims against GCU, and that the district court erred in concluding that claims for the unauthorized practice of law are essentially limited to the "client" of the non-attorney.

## I.      Standard of Review

{5}      We review de novo a district court's dismissal of a case for failure to state a claim under Rule 1-012(B)(6). *Delfino v. Griffo*, 2011-NMSC-015, ¶ 9, 150 N.M. 97, 257 P.3d 917. "A Rule 12([B])(6) motion is only proper when it appears that plaintiff can neither recover nor obtain relief under any state of facts provable under the claim." *Valdez v. State*, 2002-NMSC-028, ¶ 4, 132 N.M. 667, 54 P.3d 71 (emphasis, internal quotation marks, and citation omitted). "In reviewing a district court's decision to dismiss for failure to state a claim, we accept all well-pleaded factual allegations in the complaint as true and resolve all doubts in favor of sufficiency of the complaint." *Delfino*, 2011-NMSC-015, ¶ 9 (internal quotation marks and citation omitted).

## II.     The District Court Erred in Granting GCU's Motion to Dismiss for Failure to State a Claim

{6}      Both the Legislature and our Supreme Court have enacted authority governing the practice of law in New Mexico courts. The Legislature, in Section 36-2-27, declared that "[n]o person shall practice law in a court of this state, *except a magistrate court*, nor shall a person commence, conduct or defend an action or proceeding unless he has been granted a certificate of admission to the bar under the provisions of Chapter 36 NMSA 1978." (Emphasis added.) Our Supreme Court promulgated rules of civil procedure for the magistrate courts, including Rule 2-107(B)(3), which states that a non-attorney appearance is authorized on behalf of a corporation when the corporation's "voting shares or memberships are held by a single shareholder or member or closely knit group of shareholders or members" and "the appearance is by one such shareholder or member who has been authorized to appear on behalf of the corporation." Thus, while Section 36-2-27 carves out an exception for the practice of law by non-attorneys in magistrate courts, Rule 2-107 limits pro se representation of corporations to cases involving closely held corporations.

{7}      We perceive no conflict in this limitation given our Supreme Court's constitutional authority to regulate the practice of law. *See State Bar v. Guardian Abstract & Title Co.*, 1978-NMSC-016, ¶ 23, 91 N.M. 434, 575 P.2d 943 ("The authority of the Supreme Court to define and regulate the practice of law is inherently contained in the grant of judicial power to the courts by the Constitution."); *see also State ex rel. Norvell v. Credit Bureau of Albuquerque, Inc.*, 1973-NMSC-087, ¶ 26, 85 N.M. 521, 514 P.2d 40 ("[T]he regulation of the practice of law is the exclusive constitutional prerogative of this court."); *State v. Rivera*, 2012-NMSC-003, ¶ 7, 268 P.3d 40 (stating that "the ultimate authority to regulate all pleading, practice and procedure resides in the judicial branch of

government, and specifically in the Supreme Court" (internal quotation marks and citation omitted)). Indeed, prior to our Supreme Court's adoption of Rule 2-107, it recognized in *Rivera* that it had previously limited Section 36-2-27 by rule and by judicial decision. *Rivera*, 2012-NMSC-003, ¶¶ 9-10. Consequently, by adopting Rule 2-107, our Supreme Court exercised its constitutional authority to regulate the practice of law and limited Section 36-2-27 such that corporations may only appear pro se in magistrate court under limited circumstances. And by extension, a violation of Section 36-2-27 *as limited by Rule 2-107* is actionable under Section 36-2-28.1.

**{8}** Turning to the question of whether GCU employees were engaged in the unauthorized practice of law, Plaintiffs specifically alleged that GCU is not a closely held corporation because GCU's voting shares are not held by a single or close-knit group of shareholders or members. Plaintiffs also alleged that to the extent GCU has shareholders or members, the number of either is in the "hundreds, if not thousands" who "do not all know each other." Accepting Plaintiffs' allegations as true, *see Thompson v. City of Albuquerque*, 2017-NMSC-021, ¶ 2, 397 P.3d 1279, GCU does not meet the qualifications to appear through a non-attorney in magistrate court under Rule 2-107(B)(3). And because Plaintiffs further alleged that GCU filed collection lawsuits in magistrate court by three employees, none of whom were attorneys, we hold that Plaintiffs have stated actionable claims that GCU was engaged in the unauthorized practice of law in violation of Rule 2-107(B)(3) and Section 36-2-27.

**{9}** Although the district court did not make findings specific to the UPA claim, we conclude Plaintiffs additionally stated a claim under Section 57-12-2(D) and (E). GCU argues that Plaintiffs failed to allege that GCU made any false or misleading statements in connection with "GCU's trade" that tended to deceive or mislead any person. Plaintiffs, however, alleged that GCU employees who were not attorneys filed lawsuits on behalf of GCU in magistrate court alleging unpaid debt and "used the existence of the [lawsuits] to obtain either payment in full, a payment arrangement, or a judgment against Plaintiffs." These facts, if proven, support a claim that GCU at least knowingly made a misleading, false, or deceptive statement—filing unauthorized legal pleadings—in connection with the sale of services—debt servicing and collection. *See Diversey Corp. v. Chem-Source Corp.*, 1998-NMCA-112, ¶ 17, 125 N.M. 748, 965 P.2d 332 (describing the "gravamen" of a UPA claim).

### III.     Plaintiffs Have Standing to Bring Claims Against GCU

**{10}** We next address the district court's conclusion that dismissal was appropriate because "the action complained of is not rendering a service to . . . Plaintiffs. The service that was rendered, if any, was rendered to [GCU]." This essentially implicates Plaintiffs' standing to bring their claims. Plaintiffs maintain that claims for the authorized practice of law are not limited to actions brought by the "client" of the non-attorney. Plaintiffs' essential position is that an injured party—regardless of whether the unauthorized practitioner represented or prosecuted a case against them—may file a lawsuit. With this, we agree.

**{11}** Section 36-2-28.1(B) provides that "[a] person who suffers a loss of money or other property as a result of an unauthorized practice of law in violation of Section 36-2-27 . . . may bring an action." *See* § 36-2-28.1(A). A plain language interpretation of the term "person" indicates that any party harmed by the conduct may bring a lawsuit against an alleged unauthorized practitioner. *See Stennis v. City of Santa Fe*, 2010-NMCA-108, ¶ 10, 149 N.M. 92, 244 P.3d 787 ("Our courts have repeatedly observed that a statute's plain language is the most reliable indicator of legislative intent."). A party thus has standing to bring a lawsuit under Section 36-2-28.1(B) when they can allege a violation of Section 36-2-27 and associated damages. Neither statute requires a predicate representative relationship to create standing to sue for the unlawful practice of law.

**{12}** While the district court did not make a specific finding as to Plaintiffs' UPA claim, the same conclusion is warranted. The UPA is similar to Section 36-2-28.1 in that it creates a private right of action for "[a] person likely to be damaged" and "[a]ny person who suffers any loss of money or property." Section 57-12-10(A), (B); *see also* § 57-12-2(E) (defining "unconscionable trade practice" as "an act or practice in connection with . . . the collection of debts to a person's detriment"). Accordingly, we perceive no basis for concluding that a UPA claim is limited to claims by the party to whom the legal services were provided. GCU's authority does not persuade us otherwise. GCU refers to *Gandydancer, LLC v. Rock House CGM, LLC*, 2019-NMSC-021, ¶ 7, 453 P.3d 434, for the proposition that "where the Legislature has granted specific persons a cause of action by statute, the statute governs who has standing to sue." (Alteration, internal quotation marks, and citation omitted.) GCU has not, however, shown that Plaintiffs or their cause of action do not fall within the statute's ambit simply because the legal services at issue were rendered to GCU and not Plaintiffs. *See id.* ¶ 1 (concluding that the UPA "exclude[s] competitive injury from the causes of action permitted under that statute").

**{13}** Consequently, to the extent Plaintiffs alleged that GCU engaged in the unlawful practice of law when its non-attorney employees filed collection actions in magistrate court, and Plaintiffs also alleged that they suffered monetary damages resulting from judgments obtained by those non-attorney employees, Plaintiffs have standing to pursue claims against GCU. We decline to reach the additional arguments offered by GCU in support of dismissal for reasons not relied on by the district court.

## CONCLUSION

**{14}** For the foregoing reasons, we reverse the district court's dismissal of Plaintiffs' lawsuit and remand for further proceedings consistent with this opinion.

**{15} IT IS SO ORDERED.**

**MEGAN P. DUFFY, Judge**

**WE CONCUR:**

**ZACHARY A. IVES, Judge**

**KATHERINE A. WRAY, Judge**